# Henry Potter, Plff. in Err., v. Pittsburgh Southern R. Co., with Notice, etc., et al.

It is not error to refuse to order judgment for want of sufficient affidavit of defense, if the facts averred in such affidavit present a case which should be passed upon by a jury.

(Decided January 4, 1886.)

Error to the Court of Common Pleas, No. 1, of Allegheny County, to review an order refusing judgment for want of sufficient affidavit of defense. Affirmed.

On December 30, 1884, Henry Potter obtained a judgment for damages against the Pittsburgh Southern Railway Company, for taking land for a right of way for its tracks through his farm. Execution having been issued, it was ascertained that the company was insolvent, and that its property had been sold on November 20, 1884, to the Baltimore & Ohio Railroad Company. Out of part of this road that company organized the Baltimore & Ohio Short Line Railroad Company. On February 27, 1885, Potter sued out a scire facias quare executionem non against these companies, seeking to hold them for the damages recovered against their predecessor in title, the Pittsburgh Southern Railway Company. The defendants filed an affidavit of defense and the plaintiff took a rule for judgment because of the insufficiency of such affidavit, which the court discharged; whereupon, plaintiff brought error.

*W. D. Moore* and *F. C. McGirr*, for plaintiff in error.— The sale of a railroad under a mortgage and judicial foreclosure will not invest the purchaser with the unpaid-for right of way occupied by the debtor railroad company as a right of way for its road, where such occupancy is without any act of the landowner postponing his right to compensation. Western Pennsylvania R. Co. v. Johnston, 59 Pa. 290; Drury v. Midland R. Co. 127 Mass. 571; Gilman v. Sheboygan & F. du L. R. Co. 40 Wis. 653; 2 Rorer, Railroads, 917; Pierce, Railroads, 162, 167, 185; McClinton v. Pittsburg, Ft. W. & C. R. Co. 66 Pa. 404; Wheeling, P. & B. R. Co. v. Cleland, 27 Pittsb. L. J. 224; Martin v. Pittsburgh S. R. Co. 28 Pittsb. L. J. 156; Gilmore v. Pittsburgh, V. & C. R. Co. 31

Pittsb. L. J. 334, 104 Pa. 275; Philadelphia, N. & N. Y. R. Co. v. Cooper, 32 Pittsb. L. J. 120, 131; Buffalo, N. Y. & P. R. Co. v. Harvey, 32 Pittsb. L. J. 131; Philadelphia, N. & N. Y. R. Co. v. Cooper, 105 Pa. 239; Fries v. Southern Pennsylvania R. & Min. Co. 85 Pa. 73.

Affidavit in a scire facias cannot set up a defense to the original claim; that would be an attempt to retry the original case. Endlich, Affidavits of Defense, §§ 325, 395, and authorities there cited.

Averments in the alternative are worthless. Id. §§ 346, 389; Boston Nat. Bank v. Bartholomew, 2 W. N. C. 445.

The notice to defendants of the pendency of the suit upon which the judgment was obtained was sufficient. Robbins v. Chicago, 4 Wall. 657, 18 L. ed. 427; Wheeling, P. & B. R. Co. v. Cleveland, 27 Pittsb. L. J. 224.

A railroad company is liable for the damages assessed, although it afterwards abandon the proposed route and never use the landowners' property. Neal v. Pittsburgh & C. R. Co. 31 Pa. 19; Philadelphia v. Dyer, 41 Pa. 463; Beale v. Pennsylvania R. Co. 86 Pa. 509.

Defendant may be compelled by mandamus to run its cars over the land sought to be abandoned. State v. Hartford & N. H. R. Co. 29 Conn. 538; King v. Severn & W. R. Co. 2 Barn. & Ald. 646.

Simple averments of abandonment or surrender, without setting forth facts and circumstances in detail, are insufficient in an affidavit of defense. Endlich, Affidavits of Defense, § 361; Mitchell, Motions & Rules, 66, 67.

The defendant in his affidavit of defense must swear to facts; presumptions in his favor will not supply the want of them. Moore v. Somerset, 6 Watts & S. 262.

It is not sufficient to swear to a conclusion of law. All the facts must be set forth, that the court may draw the proper conclusion. Stitt v. Garrett, 3 Whart. 281.

An affidavit of defense should exhibit facts on which the law may be pronounced with such reasonable certainty as to exclude the possibility of evasion or duplicity, and should leave nothing to inference as to the facts to be drawn by the court which may be necessary to establish a defense. Ogden v. Offerman, 2 Miles (Pa.) 40.

To constitute an abandonment by a railroad company of

its road over landowner's property, it is not sufficient to cease running trains over it and suffer the rails and fixtures to remain on the land. The rails, ties, and all the fixtures must be removed and notice given to the landowner. Columbus v. Columbus & S. R. Co. 37 Ind. 294; Louisville & N. R. Co. v. Covington, 2 Bush, 526; Atty. Gen. v. West Wisconsin R. Co. 36 Wis. 466.

The question of abandonment is one of intention, depending upon the facts of the particular case. Mere nonuser for less than twenty years will not, in any case, operate as an abandonment. Washb. Easements, chap. 5, § 6. pp. 663, 669; 2 Washb. Real Prop. 371.

*John McCleave,* for defendants in error.—It was decided in Fries v. Southern Pennsylvania R. & Min. Co. 85 Pa. 73, that "the security being given in due course of law, the grasp of the owner upon his property is loosened by the Constitution itself, and consequently the easement acquired passes, freed from his power to obtain payment otherwise than upon the bond, and the proceeding by assessment of damages given by the law."

To render a railroad company liable for land appropriated by its predecessor it must accept and use the land. Western Pennsylvania R. Co. v. Johnston, 59 Pa. 290; McClinton v. Pittsburg, F. W. & C. R. Co. 66 Pa. 404; Lake Erie & W. R. Co. v. Griffin, 92 Ind. 487; Stewart's Appeal, 72 Pa. 291.

In Gilman v. Sheboygan & F. du L. R. Co. 37 Wis. 317, the court said: The case in principle is not different from the ordinary one, where a party purchases property sold on a mortgage. Such person does not thereby become liable to pay the general debts of the original owner, though if a prior lien exists upon the property, it may, of course, be enforced. But this is an action of debt upon a judgment against the old company, and proceeds upon the mistaken notion that the defendant company is liable upon it in the same manner as though the judgment were originally rendered against it."

OPINION BY MR. CHIEF JUSTICE MERCUR:

The alleged error is the refusal of the court to order judgment for want of a sufficient affidavit of defense. This is a scire facias quare executionem non on a judgment obtained against the Pittsburgh Southern Railway Company, for dam-

ages in taking the lands of plaintiff for right of way by said company.

The claim now is to collect the judgment from the other defendant, now brought into the record for the first time as the successor of the rights and franchises of the former company.

The affidavit of claim has taken a very wide range. Many things therein averred we think unnecessary to discuss and decide now.

The affidavit of defense, *inter alia,* avers that the claim of the plaintiff was for the entry upon and occupation of a right of way through his lands, and the construction of a railroad thereon by the Pittsburgh, Castle Shannon, & Washington Railroad Company; that, being unable to agree with the plaintiff as to the compensation to be made on account of said entry and occupation, it, before or at the time of entering on said lands, tendered to him a bond in the sum of $1,000 with two sufficient sureties conditioned as required by law, which bond was accepted and received by the plaintiff or his duly authorized agent as adequate security for such damages as plaintiff might sustain.

That, subsequently, said company with certain other corporations were consolidated with, and merged into, the Pittsburgh Southern Railroad Company; that all the property rights and franchises of said last-mentioned company were, subsequently, at judicial sale, previous to the rendition of the judgment on which this sci. fa. issued, sold to defendant, Thomas M. King; that said King, according to the statute, organized the said Baltimore & Ohio Short Line Railroad Company; that neither it, nor said King, nor the Baltimore & Ohio Railroad Company, were in any way parties to the aforesaid judgment, nor did they or either of them have any legal notice of the institution or pendency of the action which resulted in said judgment, nor were they in any way represented therein.

It is further averred that, some time previous to the verdict in that case, said King had abandoned and surrendered all that portion of the railroad formerly belonging to the said railroad company upon and over the said lands of plaintiff; and that neither said King nor the Baltimore & Ohio Railroad Company, nor the Baltimore & Ohio Short Line Railroad Company, has ever entered in and upon, or in any way used or operated the said railroad over and upon, the lands of plaintiff, or has ever

used.or enjoyed any rights or easements or privileges upon or within the same; and by said abandonment and surrender the plaintiff was.and is seised and possessed of his said lands free, clear, and discharged of any claim, occupation, or user of either or any of the said last-mentioned defendants.

At present we must consider all these averments of the defendants to be true. They show that the corporation which entered upon and appropriated the lands of the plaintiff fully complied with the requirements of the Constitution and statute, by giving bond with sureties which was accepted by the plaintiff as adequate security; and that the successor of said corporation, .the other defendant, never entered in or upon said land of the plaintiff, but abandoned and surrendered the same; and that it never used or enjoyed any rights, easements, or privileges upon the same; and that the judgment, obtained after its acquisition of the railroad and its franchises, was without any notice to it. If these.facts and others averred be proved, it certainly presents a case which should be passed upon by a jury, and the learned judge committed no error in refusing to enter judgment for want of a sufficient affidavit of defense; therefore, the writ of error is hereby dismissed at the costs of the plaintiff, but without prejudice to his right to trial by jury, and a second writ of error after final judgment.