# Wilkinson *v.* Brice, Appellant.

## [Marked to be reported.]

*Mechanics' liens—Contract prohibiting filing of—Subcontractor.*

Where a contract provided that the contractor would not permit the filing of liens against the property, this contract was binding on a subcontractor.

Schroeder v. Galland, 134 Pa. 277, followed.

*Affidavit of defence—Affidavit by counsel—Supplementary affidavit—Practice.*

An affidavit of defence to a mechanic's lien was filed by the attorney for the owner, and averred that by the agreement between the contractor and the owner for the erection of the building it was expressly agreed that no lien should be entered against the building. A copy of the contract was attached. No reason was given in the affidavit for the failure of defendant to make the affidavit. Subsequently, however, the defendant filed an affidavit averring that at the time the first affidavit was filed she was without the state, and further that the affidavit filed by her counsel was correct. It was contended by plaintiff on motion for judgment for want of a sufficient affidavit of defence that defendant's affidavit was filed too late, under the rules of the court below:

*Held,* 1. If the affidavit was improperly filed, plaintiff's proper course was to move to have it taken off the file. No such motion having been made the Supreme Court will presume that what appears unchallenged upon the record was properly placed there.

2. When there is anything upon the record at the time a motion is made for judgment for want of a sufficient affidavit of defence which shows for any reason that the plaintiff is not entitled to judgment, it is the duty of the court to deny the motion and send the case to a jury.

Argued Feb. 10, 1892. Appeal, No. 115, Jan. T., 1892, by defendant, Jane Mercer Brice, from judgment of C. P. Chester Co., M. L. Docket E, p. 463, in favor of plaintiff, John M. Wilkinson. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Mechanic's lien filed by subcontractor.

The facts appear by the opinion of the Supreme Court.

The sci. fa. was issued Feb. 16; affidavit of defence filed March 2; rule for judgment entered March 12; supplementary affidavit filed August 17; and rule made absolute Sept. 16, 1891.

*Errors assigned* were, (1) entering judgment; (2) discharging rule to strike off mechanics' lien.

*Francis C. Hooton, William W. Porter* and *Frederick J. Geiger*
with him, for appellant.—That the lien was bad was deter-
mined in Schroeder v. Galland, 134 Pa. 277; Benedict v.
Hood, 134 Pa. 289; Thomas v. Shoemaker, 6 W. & S. 179.

*H. H. Gilkyson,* for appellee.—The original affidavit of de-
fence was bad, being filed by counsel not of his own knowledge
and with no reason given for his intervention: Crine v. Wal-
lace, 1 W. N. C. 293; Griel v. Buckius, 114 Pa. 187.

The supplemental affidavit of defence was filed five months
after the entry of the rule for judgment, while the rules of
court required that an amendment to an affidavit must be filed
within ten days of service of the rule. The interpretation of
its own rules was for the court below: Peck's Ap., 11 W. N.
C. 31.

Such unreasonable delay, unexplained, amounted to laches.

West v. Simmons, 2 Wharton, 261; Bloomer v. Reed, 22 Pa.
51, turned on the construction of a special act of assembly
and rule of court. A meritorious defence is entitled to a favor-
able construction of the rule: Duncan v. Bell, 28 Pa. 516.

PER CURIAM, March 28, 1892:

This was a scire facias sur mechanic's lien. The court below
entered judgment against the defendants for want of a sufficient
affidavit of defence. The affidavit was made and filed by the
attorney for Mrs. Brice, the owner, in which he averred that,
by the agreement between the contractor and the owner for
the erection and construction of the house, it was expressly
agreed that no lien should be entered against the building. A
copy of said contract was attached to the affidavit, from which
it appears that it contains this clause: "And it is further agreed
that the party of the first part will not at any time suffer or
permit any lien, attachment or other incumbrance, under any
law of this state or otherwise, by any person or persons what-
soever, to be put or remain on the premises, into or upon which
any work is done or materials are furnished under this contract
for such work and materials, or by reason of any other claim
or demand against the party of the first part, and that any such
lien, attachment or other incumbrance, until it is removed,
shall preclude any and all demand for any payment whatso-
ever, under or by virtue of this contract."

It was not denied that this agreement is in the direct line of the decision in Schroeder v. Galland, 134 Pa. 277, but it was urged that the affidavit having been filed by the attorney for the defendants, and no reason given therein why it had not been made by the defendants themselves, it could not be considered by the court. The record shows, however, that an affidavit was subsequently filed by Jane Mercer Brice, one of the defendants, in which she avers that the affidavit filed by her counsel is correct and true, that the contract set forth therein is a copy of the contract between herself and the contractor, under and by virtue of which the house covered by the said mechanic's lien was constructed; that the said plaintiff was a subcontractor under Albin Hall, the original contractor, and that, at the time her said counsel filed his affidavit of defence in her case, she was absent from her home, out of the state of Pennsylvania, and in the south.

It was contended for the plaintiff that, under the rules of the court below, the defendant was not entitled to file this affidavit, and that it was improperly upon the record. It is not necessary that we discuss the rule of the court below. Had the affidavit been improperly filed, the obvious course for the plaintiff was to move to have it taken off the file. No such motion appears to have been made, and we are bound to presume that what appears upon the record, unchallenged, was properly placed there. It lies directly across the plaintiff's path, and cannot be brushed aside in this summary manner. When there is anything upon the record at the time a motion is made for judgment for want of a sufficient affidavit of defence, which shows, for any reason, that the plaintiff is not entitled to judgment, it is the duty of the court to deny the motion and send the case to a jury. It clearly appeared by the contract, a copy of which was before the court, that a subcontractor had no right to lien the building in question. It was therefore error to make the rule for judgment absolute.

The judgment is reversed and a procedendo awarded.