## Emig et al., Appellants, *v.* Spatz et al.

*Contract—Nonperformance—Damage—Pleading—Practice—Affidavit of defence—Judgment.*

A contractor under a contract for drilling wells, who is prevented by the other party from performing the work, is not entitled to recover the whole contract price for the work as if it had all been performed, but only damages for the breach of the agreement.

Where the plaintiff's statement claims damages in such case for the whole contract price, the court will not enter judgment although the affidavit of defence may be insufficient.

Argued May 17, 1893.   Appeal, No. 27, July. T., 1893, by plaintiffs, Clayton E. Emig & Co., from order of C. P.York Co., Jan. T., 1893, No. 39, discharging rule for judgment against defendants, Jacob F. Spatz et al.   Before STERRETT, C. J., GREEN,° WILLIAMS, MITCHELL, and DEAN, JJ.

Rule for judgment for want of a sufficient affidavit of defence, in assumpsit on contract.

Plaintiffs in their statement claimed to recover $500 on a contract " to drill wells for the purpose of reservoir for the party of the second part at Dallastown, Co. of York, State of Penna., wherever desired.   The party of the first part agrees said wells to furnish 300 barrels, 32 gals. per bbls. per day of 24 hrs of water, and agrees to case said well at aforesaid rates.   The party of the second part agrees to pay said first party for said well $500 five hundred dollars on the first day of April 1892."

Plaintiffs averred that they were at all times ready and willing to perform their part of the contract but were prevented from doing so by the defendants; that they sent men and machinery to Dallastown on Nov. 5, 1891, and requested defendants to designate the place where the wells were to be sunk, but that defendants refused to permit the work to be done.   That defendants agreed to pay to plaintiff the sum of $500 on the first day of April, 1892, for drilling said wells as aforesaid as set forth in said contract, but have hitherto wholly failed and refused to pay the same or any part thereof to the plaintiff although repeatedly requested so to do.

Defendants filed an affidavit of defence and a supplemental affidavit of defence in which they averred that they never

signed the contract set forth in the agreement, and asked to have it proved, but admitted that they signed a contract somewhat similar in nature and character; that it was agreed by the plaintiff before the execution of the agreement that if no ground satisfactory to the defendants could be obtained for a reservoir, that the said agreement was not to be enforced against the defendants; and if the plaintiff had not so agreed they would not have executed the agreement signed by them; that within a few days after the execution of the agreement, and several times afterwards, they informed the plaintiff of their inability to secure grounds for said reservoir, and notified in effect that he should not make preparations to drill said wells; and that the plaintiff did not send his employees and machinery to Dallastown to drill said wells.

The opinion of the court below, after reviewing the pleadings, was as follows, by BITTENGER, J.:

"To have availed themselves of this defence, they should have added the averment that they had used reasonable diligence and proper effort to obtain ground for a reservoir at Dallastown and failed in their efforts. These material averments are omitted from the affidavit of defence, although it is stated that the defendants notified the plaintiff of their inability to secure grounds for said purpose. We cannot understand from the affidavit, that they had made proper efforts to obtain ground for a reservoir and failed therein. Only facts set forth can be considered, not inferences. There must be no evasion or duplicity. Every fact necessary to constitute a defence must be set out. Bruner v. Wallace, 4 W. N. 53. See also cases grouped in 3 Brightly's Dig., page 4627, pl. 426.

"This principle also required the defendants to furnish in their affidavit of defence, a copy of the agreement they say they signed 'somewhat similar in nature' to the copy in the statement, and which they deny is a correct copy of the agreement. They were required to at least specify where the agreement they admit they signed differed from the copy in the statement.

"We think the affidavit of defence is defective in these regards, and insufficient to prevent judgment upon a proper statement claiming damages for a breach of the agreement or contract set out in the statement.

"The contract is an entire one for drilling wells according

to the terms of the agreement, and the statement avers that no wells have been drilled and that the contract is unperformed by reason of the acts of the defendants preventing performance by the plaintiff. The plaintiff instead of seeking to recover damages suffered by him for the breach on the part of the defendants claims to recover the whole $500 which he was to receive for drilling the wells which are not wholly or even partly drilled. On this statement he is not entitled to judgment.

" If there be a special agreement to do certain work, and the person for whom it is to be done refuses to perform, or renders himself incapable of performing his part of the agreement, the other party may either sue for a breach of the agreement, or rescind the agreement and sue on a quantum meruit for the work actually done : 2 Chitty on Contracts, 828 ; Hall v. Rupley, 10 Pa. 231 ; Shaw v. Turnpike Co., 2 P. & W. 454.

" Even where the contract is partly performed and full performance is prevented by the defendant, the plaintiff must state these matters in his declaration and recover on a quantum meruit, or damages for the breach : Hall v. Rupley, supra.

" Where an agreement was entered into between the plaintiff and defendant that the plaintiff should pull down the walls of three houses, and erect for the defendant, on the site thereof, a malt house and other buildings, and the plaintiff was ready and offered to do the work, but the defendant prevented him, it was held that the plaintiff had done all that was necessary to be done to enable him to sue the defendant for a breach of contract. The builder or workman is not in such case entitled to recover the full stipulated remuneration as if the buildings had been actually erected. A full deduction must be made from the contract price in respect of the value of materials which have never been supplied and wages which have never been paid; and damages must be confined to the actual pecuniary loss sustained by the plaintiff." Addison on Contracts, page 586 (bottom paging).

" The plaintiff's statement is not for damages, but for the full consideration. He asks to recover for what he has not performed without allowing the proper credits, under the authority above cited, and is seeking to accomplish in this suit what he may not be allowed to do. The motion must be over ruled.

"And now February 20, 1893, the motion for judgment for want of a sufficient affidavit of defence is overruled." [2]

*Error assigned* was (1) above order, quoting it.

*Chas. A. Hawkins, Perry J. M. Heindel* with him, for appellant, cited: Birkey v. Whitaker, 4 W. N. 137 ; Hebb v. Ins. Co., 138 Pa. 174 ; Marsh v. Marshall, 53 Pa. 396 ; Brown v. Dupuy, 4 W. N. 491 ; Coal Co. v. Hunt, 8 Atl. R. 860 ; Algeo v. Algeo, 10 S. & R. 235 ; Harris v. Ligget, 1 W. & S. 301 ; Eckel v. Murphey, 15 Pa. 488 ; Kirk v. Hartman, 63 Pa. 107 ; McManus v. Cassidy, 66 Pa. 263 ; McGuicken v. Timony, 2 Chest. Co. R. 249 ; Shaw v. Turnpike Co., 2 P. & W. 454 ; Pedan v. Hopkins, 13 S. & R. 47 ; Martin v. Schoenberger, 8 W. & S. 367 ; Blackburn v. Ormsby, 41 Pa. 101 ; Peck v. Jones, 70 Pa. 83 ; Ogden v. Offerman, 2 Miles, 40 ; Brunner v. Wallace, 4 W. N. 53 ; Endlich on Affidavits of Defence, §§ 341, 362, 363 and 387 ; Allegheny Savings Bank v. Meyer, 59 Pa. 364 ; Mellor v. Negley, 116 Pa. 110.

*Jos. R. Strawbridge, Frank Geise* and *E. D. Ziegler* with him, for appellees, cited: Shannon v. Comstock, 21 Wend. 457 ; Devlin v. Mayor, 63 N. Y. 8 ; Masterton & Smith v. Mayor, 7 Hill, 61 ; Penn. Iron Co., Limited, v. Diller, 113 Pa. 635 ; Rogers v. Davidson, 142 Pa. 436 ; Chamberlin v. Morgan, 68 Pa. 168 ; Nixon v. Myers, 141 Pa. 477 ; Durkee v. Mott, 8 Barb. 423 ; Fiegel v. Latour, 81* Pa. 448; Hoy v. Gronoble, 34 Pa. 9 ; Imperial Coal Co. v. Port Royal Coal Co., 138 Pa. 45 ; American Life Ins. Co. v. McAden, 109 Pa. 399.

PER CURIAM, May 31, 1893 :

The only assignment of error is the refusal of the court to enter judgment against defendants for want of sufficient affidavit of defence.

We have examined the statement of claim, based upon the written contract between plaintiffs and defendants, wherein the former agree to drill for the latter certain wells for the purpose of supplying reservoirs, etc., and also the original and supplemental affidavits of defence thereto, and are not by any means convinced that there was any error in denying plaintiffs' motion for judgment. The appeal is therefore dismissed at the costs of the appellants without prejudice, etc.