# Dock *v.* Pratt, Appellant.

*Contract—Breach—Damages—Board and lodging—Rent.*

Where a contract to pay $50.00 per month for three years, one-half thereof for board and lodging and the other half for rent, is abandoned shortly after it is made, by the party who was to make the payments, the other party may at once rescind and proceed to recover the damages for the whole term. In such a case the damages as to the board and lodging will be the difference between the contract price and the expenses, and as to the office the difference between the rent and the value of the office after the breach.

Argued Nov. 21, 1905. Appeal, No. 7, Oct. T., 1905, by defendant, from judgment of C. P. Chester Co., Aug. T., 1904, No. 21, on verdict for plaintiff in case of Mary G. Dock v. John W. Pratt. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for breach of contract. Before HEMPHILL, P. J.

The court charged in part as follows:

The plaintiff's claim in this case is for board and for rent of offices for a period of three years, less four and one-half months, which has been paid. There are some facts here that are not in dispute. The first fact is that young Dr. Pratt went to the Dock house, occupied the offices of their deceased son from December 31, 1903, until May 12, 1904, that during that period he paid to Mrs. Dock, or through her husband to her, for the rental of those offices, at the rate of $25.00 per month, and for board during that period at the same price, $25.00 per month. Were those payments made, and the occupancy of those apartments enjoyed by young Dr. Pratt under a contract

such as is alleged, and attempted to be established here by the plaintiff, namely, that he was to pay, or the defendant was to pay for his son, for a period of three years, $25.00 a month rental for the offices, and $25.00 a month board for the young man while he occupied them. The burden of satisfying you that his occupancy and his living there was under the terms of that contract, is upon the plaintiff. It is her duty to satisfy you by a preponderance of the evidence, that he failed to comply with the contract which she sets up here, and which she has attempted to establish to your satisfaction. Has she done so? If she has, she is entitled to a verdict. If she has failed then your verdict will simply be for the defendant.

       *       *       *       *       *       *       *       *

Now, gentlemen, that, it seems to me, is the testimony in brief, and as you will see, the turning point in the case is what took place on January 14, 1904. If a contract was then entered into, as testified to by Mr. Dock, then the plaintiff here is entitled to a verdict. If, however, his testimony has failed to satisfy you that there was such a contract made, and you credit the testimony on the other hand, of Dr. Pratt, the elder, and the younger, then your verdict should be for the defendant. If for the defendant, your verdict will simply be, "For the defendant." [If for the plaintiff, then the next question arises, what damages has the plaintiff suffered? What is she entitled to recover in this suit, having established the contract to your satisfaction, for three years and on the terms that I have referred to and specified? Four months and a half of the time has been paid for. There is no question about that. That would leave, as I figure it—although you will not take my figures—on the matter of rent—that would leave thirty-one and a half months still due—two years and seven and a half months, which would make thirty-one and one-half months, and at $25.00 would amount to $787.50, which would be the balance of rent due for three years, for which the contract was to run and has been unaccounted for. On the board, of course, there is an expenditure necessarily from day to day, week to week, and month to month, on the part of Mrs. Dock, the plaintiff. In other words, $25.00 per month does not represent her loss, but her loss would be the profit that there would be in it—in that $25.00 to her, which she and her husband both

fix at about $3.00 per week. Calculating a loss of $3.00 a week for thirty-one months and a half it would aggregate $378 if my calculations are correct, which, added to the $787.50, would make the total loss or damage, $1,165.50.]

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* was portion of charge in brackets, quoting it.

*J. Frank E. Hause,* for appellant.

*Wm. M. Hayes,* with him *Joseph R. Embery* and *J. Carroll Hayes,* for appellee.

OPINION BY HENDERSON, J., April 23, 1906:

Two courses of procedure were open to the plaintiff when the defendant, through his son, refused to further perform the contract set forth in the declaration. She might have proceeded in affirmation of the contract to collect the amount due thereon, or she could have elected to rescind the contract after the defendant's repudiation of it and sue for the damage which she had sustained. She chose the latter course, and declared for damages for the breach of an entire contract which covered board, lodging and the use of an office at the rate of $50.00 a month for a period of three years. The only assignment of error relates to the instruction of the court on the measure of damages, which was in effect that the plaintiff was entitled to recover the whole amount due for the use of the rooms for the unexpired term. It appeared from the evidence that while the amount to be paid was $50.00 per month, that sum was made up by a charge of $25.00 for board and lodging and $25.00 for the use of the office. The plaintiff assumed the burden of showing what the loss was to her by reason of the withdrawal of the defendant's son as a boarder and lodger, but offered no evidence upon the subject of the rent of the office. Damages are given as a compensation or satisfaction to the plaintiff for an injury received from the defendant, and must be the natural and proximate consequence of the act complained of. Where special damages are claimed they must not only be specified in the declaration but must be

proved by evidence at the trial. There can be no doubt of the plaintiff's right to treat the contract as rescinded and to proceed for damages for the entire breach in one action : 1 Sedgwick on Damages, sec. 57 ; Keck v. Bieber, 148 Pa. 645. In so doing the burden was upon her, however, of showing what loss she had sustained by the failure of the defendant to perform his contract. The damage resulting from the loss of her bargain is what she was entitled to. Competent evidence to show this was offered in regard to the board but omitted in regard to the other element entering into the contract. The action was brought when a small part of the whole term had expired. The rescission of the contract by the plaintiff put her in possession of the office, and she seeks at the same time to recover the full rental value for the whole term. It may be that the premises were of no value to her and that this could be established by the testimony of witnesses, but there is no presumption that property of this character in the city of Philadelphia has no value. The jury was given to understand that the plaintiff's loss was the whole amount agreed upon as the price of the office for the term, without reference to its value to the plaintiff after she rescinded the contract. The measure of damages as to the board would be the profit to the plaintiff after deducting the expense ; and as to the office, the difference between the price agreed to be paid and the value of the rooms after the breach. Where one contracts for the occupancy of a building for a certain time for a rent agreed upon and abandons the premises before the term is completed, the measure of damages is the difference between the rent stipulated and the actual rental value for the balance of the term : 2 Greenleaf on Evidence, sec. 261 ; 3 Sutherland on Damages, sec. 844 and note. An exception to the general rule exists in the case of contracts for the hire of agents, laborers and domestic servants for a definite period, in which class of cases it has been held that if one is wrongfully discharged before the end of his term of service he is entitled to recover for the whole period, unless the defendant shows that the plaintiff was engaged in profitable service during the time sued for, or that he refused the offer of such service, the burden of proof resting upon the defendant upon this subject. Without going into a discussion of the reason for the exception re-

ferred to, it is sufficient to say that it has not been extended to contracts of the character of that set forth in the plaintiff's declaration, and the cases cited by the appellee in regard to damages for breach of contracts for service do not apply.

It may be, as suggested by the learned counsel for the appellee, that the jury was not influenced by the instruction of the court in that part of the charge excepted to, but we cannot say that a different conclusion would not have been reached if the measure of damages above indicated had been given to them. The intimation in the charge that the jury was not to be bound by the figures submitted by the learned judge, relates to the whole calculation made by him, and was evidently intended as a caution that they were to reach a result from their own computation. We are of the opinion that the burden was upon the plaintiff to show what her actual damage was, resulting from the loss of her contract for board and lodging and use of office, and as to the use of the office the measure of damages was the difference between the price to be paid and the value of the premises for the remainder of the term after the contract was rescinded by the plaintiff.

The assignment of error is therefore sustained and the judgment reversed with a venire facias de novo.