# Swavely *v.* Eno, Appellant.

*Contract—Performance—School—Personal services—Oral testimony—Case for jury.*

Where a mother requests in writing the proprietor of a preparatory school to reserve a place for her son in his school, and he answers in writing that he has reserved a room for the boy, and it appears that the boy came to the school for one day, and then left without any explanation and stayed away for the entire term, the proprietor of the school may recover the entire charge for board and tuition for the

term, if he shows that he did in fact reserve a room, that he was ready and willing to give the board and tuition for the entire term, and that after the term had begun other applications had been rejected for want of room; but if the proprietor shows these matters by oral testimony only, the case must go to the jury to determine the credibility of the witnesses, although their testimony is not in fact contradicted. In such a case a binding instruction for the plaintiff for the full amount of the claim is reversible error.

Argued March 4, 1913. Appeal, No. 36, March T., 1913, by defendant, from judgment of C. P. Luzerne Co., March T., 1909, No. 563, on verdict for plaintiff in case of E. Swavely v. Marion B. Eno. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit to recover tuition fee. Before GARMAN, J.
The facts are stated in the opinion of the Superior Court.

The trial judge charged in part as follows:
[There being no contradiction of the facts alleged upon the part of the plaintiff, by the defendant, we conceive that it is our duty to say that under the law, a contract between the plaintiff and the defendant has been clearly established and that under the terms of that contract $325 were due upon October 1, 1908, and that the sum was not paid. Under the circumstances of the case uncontradicted, it becomes my duty to say to you as a matter of law, that the plaintiff is entitled to a judgment for that sum with interest.] [2]
[We direct you to find a verdict in favor of the plaintiff and against the defendant in the sum of $386.75.] [1]
Verdict and judgment for plaintiff for $386.75. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*M. J. Mulhall,* for appellant.—Aside from a consideration of the other assignment of error, giving a binding

direction to the jury to find a verdict for the plaintiff, under the evidence, was, under the following authorities, clearly reversible error: Trexler v. Africa, 33 Pa. Superior Ct. 395; Lehigh Coal & Nav. Co. v. Evans, 176 Pa. 28; Curry v. Curry, 114 Pa. 367.

It is an elementary principle of the law of contracts, that to entitle a party in an action for a breach, to recover more than nominal damages, there must always be evidence that actual loss or injury has been sustained, unless the contract itself furnishes a guide to the measurement of the damages: Dock v. Pratt, 30 Pa. Superior Ct. 598; Emigh v. Spatz, 155 Pa. 642; Nixon v. Myers, 141 Pa. 477; Imperial Coal Co. v. Port Royal Coal Co., 138 Pa. 45.

*Charles M. Bowman,* with him *Reynolds & Reynolds,* for appellee, cited: Bingham v. Richardson, 60 N. C. 217.

OPINION BY PORTER J., July 16, 1913:

The plaintiff is the master of a preparatory school for boys, located in Washington City. The defendant had written him saying, "I wish to enter my son, Josiah William Eno, as a student at your school. Will you kindly reserve a place for him and give him the best room you have left, with a desirable roommate." It was admitted at the trial, that at the time this letter was written the defendant had received a catalogue of the school, sent at the request of her son, which stated that the charges for the term, beginning October 1, 1908, and ending February 1, 1909 would be $325, payable on October 1, 1908. The plaintiff replied, by letter dated August 31, 1908, saying: "In answer to yours of the 28th inst., I beg leave to state that I will be greatly pleased to have your son with us this coming year as a pupil. I have reserved a room for him." The son of the defendant was sent by her to the school, arriving there on October 1, 1908, but the same day obtained permission to go to an hotel to see his mother and never returned to the school. The defendant made no

attempt at the trial to explain this conduct. The plaintiff brought this action in affirmance, not for breach of the contract, to recover the amount of the payment due under the terms of the contract on October 1, 1908. He averred in his statement and produced testimony at the trial tending to establish that he had reserved a place in the school for the son of the defendant from October 1, 1908, to February 1, 1909, and had been ready and willing to perform all the services that were to be rendered between teacher and student during that period. The plaintiff recovered a verdict and judgment in the court below and the defendant appeals.

The contract upon which the plaintiff relied, in so far as it was evidenced by letters, was executory, he was to reserve a place in the school for the son of the defendant, receive him as a student and give him the instruction contemplated by the contract, during the period in question. These letters, standing alone, did not entitle him to recover. The burden was upon him to show that he had reserved, kept, the place for the boy and had been ready and willing to perform the services required, during the time in question. He undertook to do this by the introduction of oral testimony. This being the case, the credibility of the witnesses became a question for the jury and the learned judge of the court below fell into error in giving binding instructions to the jury to find a verdict in favor of the plaintiff for the full amount of the claim: Trexler v. Africa, 33 Pa. Superior Ct. 395, and cases there cited. The first assignment of error is sustained.

Every contract is to be construed in the light of the circumstances in which it is made and the purpose of the undertaking. The primary object in contemplation of the parties when they entered into this agreement was the education of the son of the defendant. The defendant by the agreement acquired the right to have her son enjoy the benefits of the instruction furnished by the institution over which the plaintiff presided. The plaintiff undertook, for the consideration agreed upon, to instruct the son of

the defendant, by himself as head master and such assistants as he had provided, in the regular course of studies of that school. The fact that the boy was to board in the school was an incident of the contract, but it was only an incident. The plaintiff, in order to comply with this contract, was required to furnish suitable buildings, have in attendance a competent corps of instructors, provide the servants and employees necessary to the proper maintenance and operation of the institution, and give his own personal supervision and attention, as head master. The contract was entire and included, as its chief element the personal services of the plaintiff and such assistant instructors as were necessary. So far as the main purpose of the undertaking of the plaintiff was concerned, the education of the boys under his care, the cost of such instruction would be the same whether the number of boys in attendance was forty-nine or fifty, whether the son of this defendant attended at recitations or absented himself therefrom. The time of the instructors in an institution of learning passes, without regard to whether students who ought to be there are present or absent, and being past it cannot be recalled. When a man who has contracted to deliver merchandise at a certain time for a stipulated price, makes a tender which is refused by the purchaser, he still has his goods, can sell in the market, and a recovery of the difference between the contract price and that received will make him whole. There is a difference between personal property and personal services. The former will always find a purchaser in the market, but not so with the latter, and especially is this true of scientific or professional labor. When a contract involves personal services and he who has contracted to render them is ready and willing to perform and is prevented by the default of the other party, he is entitled to recover for the whole term, unless it appear that he was actually engaged in other profitable service during the term, or that such employment was offered to him and rejected: King v. Steiren, 44 Pa. 99. The present case

seems to be within this principle. Institutions of learning necessarily must have fixed times for the formation of classes and the assembling of a corps of instructors for the year. Parents and guardians are aware of this fact and arrange with institutions for the reception of their children and wards in advance. When the number of applicants to any institution have reached the limit of its capacity those who apply later are so advised and make their arrangements with some other institution. The evidence in this case, if believed, established that after the plaintiff had accepted the application of this defendant for the admission of her son, other applications were rejected, for the reason that the limit of the capacity of the institution had been reached. When a vacancy occurs after the school year has begun there is much less probability of another satisfactory student taking the place of the absentee. Nor is the head master of a preparatory school required to receive the first applicant after a vacancy has occurred. He has a right and it is his duty to consider the welfare of other students committed to his care and reject an applicant of bad character or disorderly tendencies. When the son of the defendant withdrew from the school, without sufficient cause, the plaintiff, according to the testimony, reserved the place for him during the entire term, electing to stand upon the contract, and subsequently brought this action to recover the amount which had actually become due and payable on the first day of the term. If he had thus reserved the place in the school, as by the contract he was required to do, then he was entitled to recover compensation according to the contract: Bingham v. Richardson, 60 North Carolina, 217. The second specification of error is dismissed.

The judgment is reversed with a new venire.

Morrison, J., dissenting, July 16, 1913:

With great respect for the majority opinion I find myself compelled to dissent from the disposition of the case as raised by the second assignment of error. I fully

concur with the majority opinion in so far as it sustains the first assignment and reverses the judgment.

Of course I recognize the doctrine of King v. Steiren, 44 Pa. 99, cited in the majority opinion. That case is cited by the late Justice CLARK in Emery v. Steckel, 126 Pa. 171, and Judge CLARK, with his usual industry and thoroughness, referred in his opinion to numerous other cases to the same effect. However, all of these cases have reference to the principle that "when a servant has been discharged before the expiration of his term of employment, without sufficient excuse, he is prima facie entitled to recover to the extent of his wages for the whole term."

In my opinion, it is a mistake to apply the doctrine there found to the present case and to hold that the second assignment of error cannot be sustained. In other words, I consider it a mistake to hold that the plaintiff can recover the full amount of his alleged contract with defendant to lodge, board and tutor her son for the first half of the school year, to wit, from October 1, 1908, to February 1, 1909, $325, and interest thereon, as if the defendant had actually furnished the boarding, lodging and instruction as averred in his contract.

I think there is a marked distinction between his case and those where a mechanic, superintendent, laborer, or other person is employed for a fixed term and is then discharged, through no fault of his, before the end of the term.

It is to be presumed that the present plaintiff carries on his school as a business enterprise and that he makes, or expects to make, a profit on a contract to lodge, board and instruct a young man in his school. I think this furnishes a strong reason why King v. Steiren, 44 Pa. 99, and kindred cases, do not rule the present case. If it is conceded that the plaintiff was warranted in assuming that he had a contract with the defendant to lodge, board and tutor her son for the school year beginning October 1, 1908, and that the defendant was to pay the plaintiff on October 1, 1908, the sum of $325, yet she refused to comply with said contract and is said to be guilty of a breach of it in

that her son presented himself at the plaintiff's school on October 1, 1908, and only remained perhaps an hour and then left and never returned to the school. All that plaintiff pretends to have actually furnished, under his contract with defendant, was the reservation of the right to defendant's son to occupy a room and bed with another boy from October 1, 1908, to February 1, 1909. The defendant neither furnished boarding nor instruction to the boy and if he is permitted to recover the full contract price, he will surely realize a profit considerably in excess of what he would have made if he had furnished all that the contract called for.

Instead of declaring for the whole contract price, as he did, I think the plaintiff should have set out the contract and its breach and alleged the damages he sustained by reason of the breach, and then if he sustained his contract, and proved actual damages to the satisfaction of the jury, he might have recovered for his actual loss caused by the refusal of the defendant to comply with her contract. In other words, on a proper declaration, the plaintiff would be, on proving the necessary facts, only entitled to recover for the loss of direct profits which he could have realized by furnishing the board, lodging and tuition which he alleges he was ready to furnish upon his contract with the defendant. In view of the fact that the plaintiff was engaged in a business for profit, I think justice can only be done by trying this case on the theory of the following authorities: Dock v. Pratt, 30 Pa. Superior Ct. 598; Emig v. Spatz, 155 Pa. 642; Nixon v. Myers, 141 Pa. 477; Imperial Coal Co. v. Port Royal Coal Co., 138 Pa. 45.

I would sustain the second assignment of error and hold that on his present declaration the plaintiff is not entitled to recover at all.

HENDERSON, J., concurs in this dissent.