## O'Malley v. Pennacchioli or Pennachael.

*Parent and child—Liability of father for tort of minor—Promise to pay damages—Affidavit of defence.*

1. A father is not liable for the tort of his minor son, unless the act was committed by his order, or with his knowledge or consent, or by his negligence, or was to his advantage and was ratified by him.

2. In an action of trespass against a father for a tort of his minor son, based on an alleged promise by the father to pay the damages if his son should not be prosecuted, an affidavit of defence is sufficient if it expressly denies that any such promise was made.

3. Judgment for want of a sufficient affidavit of defence will be refused where the facts present a case which should be passed upon by a jury.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lackawanna Co., March T., 1926, No. 558.

*S. B., C. B. & J. H. Price*, for rule; *J. Harry Morosini*, contra.

POTTER, P. J., 17th judicial district, specially presiding, Sept. 22, 1926.—It is alleged that the son of the defendant, being about ten years of age, broke a large plate glass window of the plaintiff.

This allegation, of itself, would not create any liability on the part of the father, nor would it entitle the plaintiff to have judgment against him, as the father is not responsible for the torts of his minor son unless the act was committed by his order, or with his knowledge, consent and approbation, or by his negligence, or was to his advantage and was ratified by him: Swanson *v.* Crandall, 2 Pa. Superior Ct. 85; Hower *v.* Ulrich, 156 Pa. 410; McClung *v.* Dearborne, 134 Pa. 396.

And the statement of claim does not set out that the father had knowledge of the alleged wrongful act of the son.

It is, however, alleged that the father is liable for the act of the son by reason of an oral agreement made between the plaintiff and the defendant, whereby the plaintiff agreed not to prosecute the son, and the defendant agreed to pay the damages occasioned by the son's alleged wrongful act.

The affidavit of defence flatly denies the entering into any such agreement, which, in our judgment, casts upon the plaintiff the burden of proving it. This is the crux of the case. If there was any such agreement, the plaintiff might recover. If there was not, he cannot. Whether there was or not, being alleged on the one side and being denied on the other, is a question of proof and of fact to be passed upon by a jury.

The defendant further avers that he has no knowledge of his son's alleged wrongful act, but he admits he said that if his son had anything to do with the breaking of the glass window, he would pay his share of it.

Judgment for want of a sufficient affidavit of defence should be refused where the facts present a case which should be passed upon by a jury: Wil-

kinson v. Brice, 148 Pa. 153; Emig v. Spatz, 155 Pa. 642; Holland v. Iron Works, 9 Pa. Superior Ct. 261; Potter v. Railroad, 1 Sadler, 271.

As we view the pleadings in this case, the affidavit of defence is sufficient to prevent judgment being entered against the defendant and to cause the plaintiff to prove his case before a jury.

And now, to wit, Sept. 22, 1926, the rule for judgment for want of a sufficient affidavit of defence is discharged.

From William A. Wilcox, Scranton, Pa.