## Bouligny v. Kirk

*Candor, Youngman & Gibson,* for plaintiff.

*Joseph H. Ingham* and *Marshall R. Anspach,* for defendant.

WILLIAMS, J., October 19, 1950.—Complainant has sued defendant in assumpsit, alleging that defendant applied to have his daughter enrolled in complainant's school, and alleging further that after such application was made defendant withdrew his daughter without the consent of complainant. Fifteen preliminary objections were made to the complaint. The complaint

was then amended and preliminary objections were made to the amended complaint. An amendment to the amended complaint was then filed.

There appear to be four questions to decide.

The first questions our jurisdiction. Paragraph 2 of the complaint alleges that defendant is a resident of South Williamsport, Lycoming County, Pa. Preliminary objections are to the effect that defendant is a resident of Eagles Mere, Sullivan County, Pa., although it is admitted that defendant is temporarily domiciled in Williamsport, Lycoming County.

Originally, at common law, all actions were local and were triable only in the proper counties in which they arose. Now, however, transitory actions may be brought in any county where defendant may be found and served, unless otherwise restricted or limited by statute, or unless the action is a local action. The common law deemed all actions ex contractu to be transitory in character, regardless of the place where the contract was executed, or where it was to be performed. Although the old forms of actions ex contractu have been abolished in Pennsylvania, demands formerly recoverable in debt, assumpsit, or covenant are now enforcible by action in assumpsit which is always transitory, and, with possibly one or two exceptions, may be brought in any county and laid in any place: 1 Standard Pa. Practice 516. We therefore conclude that action in the instant case may be brought in any county of the Commonwealth provided defendant is served in that county. Defendant has been served in Lycoming County and therefore this county has jurisdiction. See Pa. R. C. P. 1006 for venue and process in certain cases, not applicable to the instant case.

The next question for our consideration has to do with the verification on the complaints. The original complaint was verified by complainant herself. The

amended complaint, however, was verified by one, Edna R. Fitch, who swore that she was the assistant principal of plaintiff's school and that the facts set forth in the amended complaint were true, "except wherein stated on information and belief, and so wherein stated on information and belief she believes them to be true".

Pennsylvania Rule of Civil Procedure 1024, subsec. (c), is to the effect that the verification shall be made by one or more of the parties filing pleadings unless the party is outside of the jurisdiction of the court. In the event a party is outside of the jurisdiction of the court, as was the case here when the amended complaint was filed, then the rule is to the effect that the verification must be made by a person having sufficient knowledge or information and belief, and the source of information as to matters not stated on such person's own knowledge must be set out, as well as the reason why the verification is not made by one of the parties filing pleadings.

The verification on the amended complaint in this case does not comply with rule 1024, subsec. (c), because Edna R. Fitch, who verified the amended complaint, indicated in the verification that some of the facts set forth in the amended complaint were stated on information and belief. She having done this, it was her duty to set forth the source of this information. She should also have set forth in her verification why the verification was not made by plaintiff. The verification is therefore insufficient. Plaintiff has quoted from our opinion, Monarch Co. v. Sylvania Mfg. Co., 2 Lyc. 157 (1950), in which this court said that it was sufficient to state merely that the facts were "true and correct" and that it was not necessary to state whether or not on the affiant's personal knowledge or on information and belief they were true and correct. In the instant case plaintiff discloses that the

verification was made on information and belief and therefore Monarch v. Sylvania does not apply.

The third question brought up by the preliminary objections has to do with exhibit B of the amended complaint. According to the amended complaint the case is based upon two writings, consisting of the written application for admission and a portion of the printed catalog of the school marked exhibit B and attached to the complaint. Defendant argues that the complete catalog of the school should be attached to the pleadings, and that plaintiff has not identified the catalog properly. It is immaterial what plaintiff calls the exhibit. Under Pa. R. C. P. 1019(h), the entire writing does not have to be set forth. Only the material part of the writing must be set forth, and evidently plaintiff considers exhibit B as being the only material part of the catalog necessary to sustain her case.

The only other question for consideration is as to whether or not the complaint sets forth a cause of action. The amended complaint alleges that defendant applied for his daughter's admission and agreed to pay the sum of $1,300 for one year's tuition and board. The complaint also alleges that defendant agreed to pay whether or not the place reserved for his daughter was occupied. Paragraph 7 of the amended complaint then alleges that the application of defendant was accepted by complainant, a place was reserved in the school for defendant's daughter, and that not until September 7, 1949, shortly before the school term, did defendant notify the complainant of his intention to withdraw his daughter from the school.

The only Pennsylvania appellate court decision on the subject appears to be Swavely v. Eno, 54 Pa. Superior Ct. 82, in which case it was held that the proprietor of a school may recover the entire charge of board and tuition for the term if it is shown that a

room was reserved, that application was made for reservation and accepted, and that after the term had begun other applications had been rejected for want of room. It has also been held in other jurisdictions that when a room is reserved and default made, the parent is liable for the reservation according to the terms of the contract: 69 A. L. R. 714.

In the instant case it is argued by defendant that defendant's act in signing the application blank marked exhibit A was only an offer to pay tuition and board for his daughter and therefore it was revocable at the will of the offerer at any time before acceptance. This argument is to the effect that plaintiff did not accept defendant's daughter into her school and that therefore when defendant notified complainant that his daughter was not going to attend, there was no contract and there can be no recovery.

We are not in disagreement with defendant's contention that there must be an acceptance of the offer before plaintiff can recover. However, paragraph 7 of the amended complaint is to the effect that the application was accepted and relied upon by complainant. A contract is therefore pleaded. Inasmuch as we now are only concerned with the pleadings, and not the proof, we are of the opinion that this contention of defendant cannot be upheld.

And now, October 19, 1950, preliminary objections with respect to verification are sustained, plaintiff, however, to have 30 days within which to amend its complaint.